# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JEAN LENFEST,          )
)
       *Plaintiff*      )
)
*v.*                )         *No. 2:14-cv-229-JHR*
)
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security,    )
)
       *Defendant*    )

## MEMORANDUM DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal[2] contends that the administrative law judge wrongly rejected the opinion of her treating physician and wrongly relied on the opinions of state-agency reviewing physicians. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from spondylitic changes in the cervical discs and facets with evidence of spinal stenosis, disc

---

[1] The parties have consented to have me preside over all proceedings in this case, including entry of judgment. ECF No. 16.

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 11, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

desiccation at L5-S1 with possible annular tear and central disc protrusion without impingement, torn meniscus in the right knee status post arthroscopy, and obesity, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 17-18; that she retained the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb stairs or ramps but never ladders, ropes, or scaffolds, could never crawl, could occasionally balance, stoop, kneel, and crouch, should avoid laboratory tools and vibratory activities, could occasionally reach, handle, and finger in all directions with the right hand (with no limitations on the left hand), and needed to avoid concentrated exposure to extreme cold, vibrations, hazardous machinery, and unprotected heights, Finding 5, *id*. at 19; that she could not perform any past relevant work, Finding 6, *id*. at 24; that, given her age (36 on the alleged date of onset of disability, March 9, 2009), at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 25; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged onset date through the date of the decision, April 18, 2013, Finding 11, *id*. at 26. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 523 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.    Discussion

### A.  RFC

The plaintiff contends that the RFC assigned to her by the administrative law judge lacks substantial evidentiary support. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 11) at 4-12. Specifically, she asserts that the administrative law judge wrongly rejected the opinion of her treating physician without articulating a valid reason for doing so, and that his reliance on the opinions of state-agency reviewing psychologists "cannot salvage" the RFC. *Id*. at 5, 9.

The plaintiff bases these arguments on the statement of Dr. Heather Moher, her treating family practice physician. *Id*. at 5. She contends that the administrative law judge failed to consider Dr. Moher's opinion that the plaintiff was limited as to concentration, persistence, or pace due to pain caused by her physical impairments. *Id*. at 5-6. She argues in addition that the administrative law judge wrongly discounted Dr. Moher's opinion about her mental limitations on the basis that Dr. Moher relied only on what the plaintiff herself reported. *Id*. at 7. Finally, she asserts that the administrative law judge wrongly discounted Dr. Moher's opinion about her mental

limitations because those opinions were outside of the area of Dr. Moher's specialized knowledge, because Dr. Moher based her conclusions on the effects of the plaintiff's physical pain. *Id*. at 7-8.

The administrative law judge wrote the following about Dr. Moher's opinions, as they were expressed on forms entitled "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" (Record at 670-71) and "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" (*id*. at 672-75):

> With regard to the opinion evidence, Dr. Moher, the claimant's family physician, completed Medical Source Statements. She wrote that the claimant was limited to less than sedentary work; however, Dr. Moher also wrote, "These answers are based on what patient tells me she can do." The doctor specified that her answers were based on the claimant's subjective statements, which the undersigned did not find wholly credible (Exhibit 20F; 21F). Even in Dr. Moher's treatment notes, she wrote, "Filled out paperwork for disability—questions were answered according to what the patient was telling me she can or can't do." The claimant had no swelling or erythema in her arms or legs on examination (Exhibit 28F). The questionnaires do not reflect Dr. Moher's independent medical opinion. In addition, the mental health limitations she indicated were outside her area of specialized knowledge. Dr. Moher wrote on the form that she was a family practitioner. Given all of the foregoing, Dr. Moher's questionnaires were given no weight (Exhibit 20F; 21F).

Record at 22.

Contrary to the plaintiff's interpretation, Itemized Statement at 8-9, this is a sufficient statement of the administrative law judge's reasons for discounting Dr. Moher's opinions. *See, e.g., Caiazzo v. Colvin*, No. 2:13-cv-00155-JAW, 2014 WL 1569529, at *3 (D. Me. Apr. 17, 2014). The plaintiff correctly points out that Dr. Moher did not note on the mental source statement that her conclusions were based on what the plaintiff told her, but, to the extent that those conclusions were based, as the plaintiff contends, solely on the assertion that "the basis of Plaintiff's marked limitations in concentration, persistence and pace were primarily the result of pain associated with her severe physical impairments," Itemized Statement at 7, Dr. Moher's assessment of "pain

associated with [the plaintiff's] severe physical impairments" *was* based on the plaintiff's subjective reports, and taking one evaluative step beyond that assessment does not absolve it, or any conclusions derived from it, of that fatal flaw.[3] *See generally Ferrante v. Astru*e, 775 F.Supp.2d 206, 210 (D. Me. 2010). It is also notable in this regard that the plaintiff does not challenge the administrative law judge's conclusion about the plaintiff's credibility when reporting the intensity, persistence, and limiting effects of her claimed impairments. Record at 24.

Nor did the administrative law judge make his own interpretation of raw medical evidence in this case, as the plaintiff suggests. Itemized Statement at 9-10. He explicitly relied on the opinions of the state-agency reviewing psychologists, Dr. David R. Houston, Record at 124, and Dr. Leigh Haskell, *id*. at 137. The administrative law judge stated:

> In accordance with Social Security Ruling 96-6p, the undersigned considered the administrative findings of fact made by State agency medical physicians and other consultants. The opinions are weighed as statements from non-examining expert sources. Based on the evidence, the undersigned concluded that the State agency [consultants] adequately considered the evidence of record and great weight was given to the opinions (Exhibits 5A; 6A).

*Id*. at 24. The plaintiff also faults these psychologists "for failing to include RFC limitations related to concentration, persistence and pace" in accordance with Dr. Moher's opinions, because those limitations "are warranted due to Plaintiff's *pain due to her physical impairments*." Itemized Statement at 9 (emphasis in original).

However, I have rejected the plaintiff's contention that Dr. Moher's attribution of the plaintiff's limitations in concentration, persistence, and pace to the self-reported pain from her physical impairments must carry the day. Accordingly, the state-agency reviewers were not required to come to Dr. Moher's conclusion.

---

[3] In addition, Dr. Moher noted in the plaintiff's medical record that she "[f]illed out paperwork for disability— questions were answered according to what the patient was telling me she can or can't do." Record at 830.

The plaintiff also challenges the administrative law judge's statement that Dr. Moher's assessed limitation on concentration, persistence, and pace was outside her area of expertise as a family practice physician. She asserts that, because Dr. Moher's conclusion as to a mental limitation was based on her assessment of the plaintiff's physical pain, she was not opining beyond the range of her "area of medical practice." Itemized Statement at 8. Again, since Dr. Moher's attributed basis for her opinion concerning the plaintiff's mental limitations was her opinion of the effect of the plaintiff's physical pain, which in turn was based solely on the plaintiff's statements, the administrative law judge was well within his regulatory boundaries to reject it, whether or not it was within Dr. Moher's area of specialization. *See Fontaine v. Barnhart*, No. 04-239-P-H, 2005 WL 1353381, at *3 (D. Me. June 7, 2005) (endorsing administrative law judge's rejection of mental assessment by family practice physician).

The plaintiff objects that this is not the case, because the administrative law judge considered only one factor among those listed in 20 C.F.R. §§ 404.1527 and 416.927 to be considered when evaluating a medical source opinion. Itemized Statement at 8. It is not necessary for the court to reach this criticism, because I have found that the administrative law judge's conclusions are supported by substantial evidence in the record, *see, e.g., Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *5 (D. Me. Dec. 28, 2010), However, I note that the rule in this district is that, once an administrative law judge has given good reasons for the rejection of a treating source opinion, he or she need not discuss each of the regulatory factors in the course of stating those reasons. *E.g., Golfieri v. Barnhart*, No. 06-14-B-W, 2006 WL 3531624, at *4 (D. Me. Dec. 6, 2006).

**B. Step 5**

The plaintiff's contention that the "Step 5 finding must also fail" is wholly derivative of his earlier arguments. Itemized Statement at 12-13. She asserts that "due to the serious errors associated with the ALJ's RFC finding in this case, the vocational witness' testimony is inherently unreliable." *Id*. at 13. Because she has not established any harmful error in the administrative law judge's RFC, for the reasons explained above, this claim must also fail. *Smith v. Colvin*, No. 1:12-cv-00300-NT, 2013 WL 3781480, at *6 (D. Me. July 18, 2013).

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 7th day of April, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge